# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF MICHAEL S. SHEBANOW.

ESTATE OF MICHAEL S. SHEBANOW; AND PAUL SHEBANOW,
Appellants,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 69649

FILED

JUL 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL*

This is an appeal from a district court order entered in a probate proceeding concerning real property. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.[1]

In September of 2005, Michael Shebanow took out a $568,000 loan to purchase property located in Reno, Nevada. The loan was secured by a deed of trust on the property. Eventually, Michael passed away, and the loan allegedly went into default. Appellant Paul Shebanow, Michael's son, commenced a probate action to administer his father's estate (the Estate). The lender filed a creditor claim to enforce the promissory note. Paul, as personal representative of the Estate, rejected the claim, and the lender filed a complaint with the district court pursuant to NRS 147.130.

---

[1]The Honorable Lidia Stiglich, Justice, voluntarily recused herself from participation in the decision of this matter.

17-24594

The district court dismissed the complaint with prejudice after the lender filed a voluntary motion for dismissal.

Subsequently, the servicer of the loan, respondent Nationstar Mortgage, LLC (Nationstar), initiated foreclosure proceedings. In response, the Estate filed a petition for declaratory relief to quiet title and a motion for order to show cause. The Estate argued that the prior probate-related action barred Nationstar from foreclosing on the property. The district court issued an order denying the Estate's petition and motion. In particular, the district court held that Nationstar had "waived any right to pursue any subsequent claim against the estate for a deficiency judgment," but that the prior probate-related action did not prohibit Nationstar from foreclosing on the property. Paul and the Estate now appeal from the district court's order.

After reviewing the briefs submitted, the record on appeal, and the district court's order, we conclude that the district court erred in determining that Nationstar was not barred from foreclosing on the property. Nationstar concedes that it is barred from pursuing a future deficiency judgment because the prior complaint to enforce the promissory note was dismissed with prejudice. However, contrary to Nationstar's assertion, neither the creditor claim nor the complaint was limited to recovering a potential deficiency judgment.

The claim itself states that the loan was in default, and that the Estate owed $556,954.48 pursuant to the promissory note. It makes no mention of a potential foreclosure or deficiency. Likewise, the complaint states that the claim was "seeking payment of the Loan," and that neither Paul nor the Estate had "paid the amounts due under the Loan." Moreover, the complaint states that the lender was seeking

"$556,954.48, plus all accrued interest to date pursuant to the promissory note evidencing the Loan."

The parties do not dispute that "entitlement to enforce both the deed of trust and the promissory note is required to foreclose" on a property. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 520, 286 P.3d 249, 259 (2012). The lender's attempt to enforce the promissory note was dismissed with prejudice. Such a dismissal necessarily "bars any future action on that claim." *With Prejudice, Black's Law Dictionary* (10th ed. 2014). Moreover, if a claim is rejected by the personal representative, the claim is "forever barred" if the claimant fails to bring suit in the proper court against the personal representative or file a petition for summary determination. NRS 147.130(1). Although Nationstar argues that it is simply barred from pursuing a deficiency judgment, we hold that the district court's dismissal *with prejudice* necessarily bars Nationstar from enforcing the promissory note, which in turn disallows Nationstar from foreclosing on the property. Accordingly, the district court erred in denying the Estate's petition for declaratory relief to quiet title, and we

ORDER the judgment of the district court REVERSED.

_____, C.J.
Cherry

_____, J.        _____, J.
Douglas                              Gibbons

_____, J.        _____, J.
Pickering                            Hardesty

_____, J.
Parraguirre

cc: Hon. Barry Breslow, District Judge
J. Douglas Clark, Settlement Judge
Doyle Law Office, PLLC
Akerman LLP/Las Vegas
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A